

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TENNO ADOBO, GUY BUSHFAN, PHILLIP )
SIMONE, ELIJAH JAMES, BEN MITCHELL, and ) C.A. No. 04-10914 PBS
TONY TURNER, )
    Plaintiffs ) COMPLAINT
)
v. )
)
SKYCAP SERVICES OF AMERICA, ERIC )
SCHAEFER, and RICH HARRINGTON, ) MAGISTRATE JUDGE Dein
    Defendants )
)

    This is a complaint for damages and other relief arising out of the employment of the Plaintiffs Tenno Adobo, Guy Bushfan, Phillip Simone, Elijah James, Ben Mitchell, and Tony Turner by Defendants Skycap Services Of America, Eric Schaefer, and Rich Harrington. Their claims include discrimination based on their race and color.

### JURISDICTION

    1. This Court has jurisdiction over this matter based upon 28 U.S.C. §1331 to adjudicate claims arising from federal law, and upon 42 U.S.C. §2000e, *et. seq.*, to adjudicate civil rights claims.

### PARTIES

    2. Tenno Adobo ("Plaintiff Adobo") is an individual residing in Everett, Middlesex County, Massachusetts.

    3. Guy Bushfan ("Plaintiff Bushfan") is an individual residing in Roxbury, Suffolk County, Massachusetts.

    4. Elijah James ("Plaintiff James") is an individual residing in Boston, Suffolk County, Massachusetts.

5. Ben Mitchell ("Plaintiff Mitchell") is an individual residing in Mattapan, Suffolk County, Massachusetts.

6. Tony Turner ("Plaintiff Turner") is an individual residing in Boston, Suffolk County, Massachusetts.

7. Phillip Simone ("Plaintiff Simone") is an individual residing in Revere, Suffolk County, Massachusetts.

8. Skycap Services of America/MA, Inc. ("Defendant") is a corporation duly organized pursuant to the laws of the Commonwealth of Massachusetts, with its headquarters located at 7512 Doctor Phillips Boulevard, Orlando, Florida.

## FACTS

9. Plaintiffs lost their positions as Skycaps with their former employer, International Transportation Services ("ITS") after ITS lost its contract with U.S. Airlines.

10. In late November, 1999, the Defendant, having secured the U.S. Airlines contract, conducted several seminars for prospective new hires. On page three of its Position Statement submitted to the Massachusetts Commission Against Discrimination ("MCAD"), the Defendant states that, "On or about December 15, 1999, Skycap interviewed approximately thirty (30) candidates who had previously worked for ITS...." Contrary to the Defendant's representations in the MCAD Position Statement, December 15, 1999 was the starting date for new hires, not the interview date.

11. None of the former ITS African-American employees were interviewed by the Defendant. Rather, they were ignored by the Defendants' Secretary/Treasurer, Eric Schaefer. Second, the *starting* date for new hires under the U.S. Airlines contract with Skycap was December 15, 1999, not the interview date.

12. In the same Statement, the Defendant also asserts that:

Of the former ITS employees, Skycap extended offers of employment to a total of three individuals -- two (2) black males and one (1) white male.... The white male had only worked for ITS on weekends and the two black males *had only* been employed for ITS for a short period of time. (Emphasis Added.)

13. This, too, is a misrepresentation, since neither of the two black males had worked for ITS. In fact, they were Haitians unaffiliated with *any* Skycap employer and who hailed from the Greater Boston area.

14. The Defendant attempts to justify its hiring of a white male former ITS employee by stating that, "The white male had only worked for ITS on weekends.... The theory was that these short-time employees could be re-trained easily into Skycap's system."

15. This is misleading. Plaintiff Turner, another ITS employee who Mr. Shaffer refused to hire once his ethnicity was ascertained, worked for ITS *fewer* than six months, and, yet, was not hired. Plaintiff Turner states in his MCAD charge that:

1. I was hired December 2, 1999, by Eric Shafer *[sic]* through a telephone conversation. [On] December 5, I informed Mr. Shafer I had 5 months prior experience. Mr. Shafer inquired as to why I didn't mention this information before but would give me a chance to be trained and start work on the 15th. Mr. Shafer went on to say that *there's going to be trouble and 'you know how those African-Americans are.'*

2. When I met December 7 with Mr. Shafter to complete security clearance and receive my badge, I shook his hand and he said 'You are not Tony Turner. Were you the supervisor of Vinfen Corporation for 20 years?' I informed Mr. Shafer that in fact I was Mr. Turner.

3. I spoke with Mr. Shafer on December 12, 1999 for information regarding tips, pay, and job description.

16. Mr. Shaffer's statement that, "You know how those African-Americas are" is direct evidence that an adverse action was taken on the basis of stereotyped attitudes about members of a protected group, African-Americans.

17. There is no evidence that the white male hires had measurable job-related qualifications which made their candidacy more attractive.

18. The Defendant asserts that it wanted to hire "fresh faces" that were not accustomed to ITS' method of operation. Plaintiff Turner, who worked for ITS fewer than six months, could be viewed as having a "fresh face", and, yet, was not hired. The clear inference is that there were no *bona fide* occupational qualifications that made the white male hires more attractive *other* than their skin pigmentation.

19. On January 11, 2000, Steve Ferrera, a former ITS Captain at curbside, made several calls to the Defendant Rich Harrington, President of Skycap Services of American, and Tom Blanchard, Supervisor. Mr. Ferrara's signed statement provides in relevant part, the substance of one of those conversations:

> Two men finally responded to my calls. One supervisor named (Tom) and another named (Rich Harrington) told me the following: 'If I wasn't interested in pooling my tips or if I was African-American they were not interested in hiring me....'

20. Defendant Harrington is President of Skycap Services of America. His statement demonstrates a bias against the six plaintiffs and can be linked to the complained of adverse action. *None* of the African-American Skycaps were either interviewed or hired.

21. Defendant Harrington's statement does not require a jury or factfinder to make an inferential leap to conclude that Mr. Harrington is biased towards African-Americans, and the plaintiffs are African-American; therefore, Mr. Harrington's comments regarding the plaintiffs is a result of race discrimination. Mr. Harrington's statement that he was not interested in hiring Africa-Americans was a substantial factor in the employment decision.

22. The above facts provide direct evidence that an illegitimate criteria was a substantial factor in the Defendant's decision.

## COUNT ONE
## DISCRIMINATION IN EMPLOYMENT
## 42 U.S.C. §2000e, *et. seq.*

23. Plaintiffs hereby reallege the allegations set forth in paragraphs 1 through 22 above, and incorporates them as if fully set forth herein.

24. The Defendant intentionally excluded the plaintiffs from employment opportunities on the basis of their race and color. The plaintiffs were not interviewed in favor of inexperienced, white male applicants. The Defendant Harrington stated that he was not interested in hiring African-Americans.

25. As a result thereof, the plaintiffs suffered loss of income, loss of benefits, and other losses including emotional distress and mental suffering.

WHEREFORE, Plaintiffs demands judgment against the Defendant for damages including, but not limited to:

(1) Back pay;

(2) Emotional distress;

(3) Attorneys' Fees;

(4) Compensatory damages for pecuniary and non-pecuniary losses; and,

(5) Punitive damages;

(6) Such other relief to which they are entitled and as this Court deems just and proper.

5

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY OF ALL CLAIMS SO TRIABLE.

                    Respectfully submitted,
Plaintiffs Tenno Adobo, Guy Bushfan, Phillip Simone, Elijah James, Ben Mitchell, and Tony Turner,
By their attorneys,

*/s/ Stephen Hrones*
Stephen B. Hrones (BBO No. 242860)
HRONES & GARRITY
Lewis Wharf–Bay 232
Boston, MA 02110-3927
T)617/227-4019

Dated: May 7, 2004